IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE SANCHEZ-LAUREANO<br>Petitioner<br>vs<br>MIGUEL A. PEREIRA-CASTILLO, in his official capacity as Secretary of the Department of Corrections and Rehabilitation of the Commonwealth of Puerto Rico<br>Respondent | CIVIL 08-1883CCC |

**O R D E R**

On March 11, 2009 petitioner José Sánchez-Laureano filed a Motion to Reconsider, Amend, Alter and/or Set Aside Judgment (**docket entry 6**) in this habeas corpus action which had been dismissed for lack of diligence in its prosecution. Petitioner raised in his motion that the claims raised in this case, specifically violation of the Ex-Post Facto Clause of the United States Constitution and of the Due Process Clause of the Fourteenth Amendment, were extensively litigated in the case of González-Fuentes, et al vs. Molina, et al, Civil 05-1910PG, and Rivera-Feliciano, et al vs. Fortuño-Burset, et al, Civil 06-1358, awaiting review at the time before the U.S. Court of Appeals for the First Circuit as 08-1818 and 08-1819.

On May 12, 2009 this Court entered an Order holding in abeyance petitioner's Motion pending the decision by the First Circuit in the two cases mentioned above. The Court of Appeals issued on June 10, 2010 its decision, 607 F. 3d 864 (1st Cir. 2010), on the question presented in these two cases: whether Puerto Rico's revocation of the individual's revocation participation in the electronic supervision program violated the Ex Post Facto Clause or the Due Process Clause of the Fourteenth Amendment. The Court answered **no** to both inquiries. It decided that there was no ex post facto violation since the Commonwealth of Puerto Rico's decision to disqualify the inmates from participating in the

CIVIl 08-1883                                            2

electronic supervision program (ESP) had no effect on the punishment assigned by law when the act to be punished occurred.  The Court specifically observed as follows:

> Then, as now, the crimes were punishable only by a period of imprisonment–<u>not</u> by a period of imprisonment subject to reduction through the ESP . . .   There can be no violation of the <u>ex post facto clause</u>" where "the legal consequences of [one's] crime . . . were the same when [one] committed it as they are today.

<u>Id.</u>, at p. 878.

Regarding the Due Process Clause violation, the Court concluded:  "The decision to reimprison the appellees following their time participating in the ESP does not in itself shock the conscience and therefore does not infringe subtantive due process."  <u>Id.</u>, at p. 884. Since the arguments raised by petitioner José Sánchez-Laureano have both been decided by the Court of Appeals, the stay Order entered on May 12, 2009 (**docket entry 9**) is VACATED.  Furthermore, since the Court's disposition of the arguments were unfavorable to his position, the Motion to Reconsider, Amend, Alter and/or Set Aside Judgment (**docket entry 6**) is DENIED.

    SO ORDERED.

    At San Juan, Puerto Rico, on December 14, 2010.


                                            S/CARMEN CONSUELO CEREZO
                                            United States District Judge